UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

HERMAN ANDERS, personal representative for
the Estate of Aliyah J. Anders,

        Plaintiff,

v.

CITY OF LUFKIN and
OFFICER LAUREN B. NICK,

        Defendants.

Case No.:

JURY DEMANDED

## COMPLAINT

Herman Anders, personal representative for the Estate of Aliyah Anders, files this Complaint against the City of Lufkin and Officer Lauren B. Nick, based upon the following:

### Introduction

1. Aliyah J. Anders was a beloved mother, daughter, and family member. On December 27, 2023, she was home with her daughter and another child when she was frightened by someone kicking hard on her front door.

2. Aliyah called 911 and reported the incident. Soon after, Officer Lauren B. Nick of the Lufkin Police Department (LPD) arrived at Aliyah's home. Officer Nick rang the doorbell but did not announce herself or identify herself as a police officer. She also stepped away from the area in front of the door, outside the view from inside Aliyah's home, further assuring that Aliyah would not know it was a police officer who rang her doorbell.

3. Completing what amounted to Officer Nick's ambush on Aliyah, Officer Nick shined her extremely bright flashlight at the doorway before Aliyah opened the door, not only

making it impossible for Aliyah to know the person there was a police officer but raising the possibility the person was the same whom had forcibly kicked her door just a short time earlier, returning to threaten her by trying to by blind her.

4. Because Aliyah was in fear from the prior disturbance when she opened the door, she held her gun for protection. Without identifying herself or telling Aliyah to drop her weapon, Officer Nick promptly gunned her down, killing her.

5. Officer Nick and/or other officers took possession of Aliyah's smartphone and searched its contents. They did so without a warrant.

## Jurisdiction and Venue

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and because, on information and belief, all Defendants reside in this district.

## Parties

8. Herman Anders is the personal representative for the Estate of Aliyah J. Anders. Herman is the father of Aliyah, who was 23-years old when police killed her. She had a one-year-old daughter.

9. The City of Lufkin is a municipality organized and existing under Texas law.

10. Officer Lauren B. Nick was, at all times relevant to this Complaint, an officer of the City of Lufkin Police Department, acting under color of state law.

## Facts

11. On December 27, 2023, Aaliyah called 911 after someone had been kicking her front door. She was frightened and home alone with two small children.

12. LPD officers, including Officer Lauren B. Nick, were dispatched.

13. Officer Nick rang Aliyah's doorbell then stepped at least ten feet back, so she was out of view from within Aliyah's apartment. She did not announce herself or identify herself as a police officer. Officer Nick then shined her very bright flashlight at the door as Aliyah opened it, making it impossible for Aliyah to know it was a police officer who was at her door and, worse, making it seem as though someone was threatening her by trying to blind her.

14. Officer Nick set the scene as if to ambush Aliyah even though Aliyah was the one who called for assistance. Aliyah was never suspected of any crime.

15. Aliyah lawfully owned a firearm, which she brought to the door given the disturbance just before.

16. When Officer Nick saw Aliyah answer the door with a gun in her hand, she again did not identify herself even though she knew Aliyah would have no way of knowing she was a police officer because she was blinding Aliyah with her flashlight.

17. Officer Nick gave Aliyah no commands and did nothing to resolve or deescalate the deadly trap she created.

18. Instead, Officer Nick shot Aliyah several times.

19. Other officers arrived at the scene and handcuffed Aliyah's body. No one would attempt to provide any lifesaving measures for a significant amount of time.

20. Aliyah died from her injuries.

21. Officers would continue to keep Aliyah's body handcuffed long after she died, even until she was in the morgue and viewed by her family.

22. Officer Nick had barely been a police officer a year at the time she killed Aliyah.

23. The City of Lufkin failed to train Officer Nick or failed to adequately train her on how to approach a home when someone has called for help, how to "knock and announce," how to avoid being mistaken for an attacker by identifying yourself, why you should not blind someone with your flashlight when effectively ambushing them under circumstances in which they would understandably be armed.

24. Officer's Nick's lack of training by the City of Lufkin is reflected in her statement given after she killed Aliyah that "I didn't know what to do."

25. The City of Lufkin trained Officer Nick to be overly aggressive by emphasizing "Officer Survival" courses while failing to provide required training on De-escalation (SB 1849), Crisis intervention/mental health encounters, Communication and civilian interaction standards, Threshold safety and knock-and-announce procedures.

26. Officer Nick's actions were consistent with her training and the LPD's policies, practices, and customs. Upon information and belief, LPD did not discipline or reprimand Officer Nick in any way.

27. After killing Aliyah, Officer Nick and/or other LPD officers took her mobile phone and broke into it to review its contents. Officers did, in fact, study the contents of Aliyah's phone.

28. Officers did not obtain a warrant to search Aliyah's mobile phone and no exigent circumstances existed that could justify the warrantless inspection of the contents of her phone.

29. The Officers' warrantless inspection of Aliyah's phone was done pursuant to City of Lufkin policy, practices, and custom, or was ratified by the City, since Police Chief David Thomas publicly displayed some of the contents of Aliyah's phone when announcing that his

Department had shot and killed Aliyah.

### Violation of the Fourth Amendment Under 42 U.S.C. § 1983

30. Based upon the foregoing, both the City of Lufkin and Officer Nick violated the prohibition against unreasonable searches and seizures provided the Fourth Amendment to the U.S. Constitution by searching Aliyah's phone without a warrant and without probable cause.

31. The search of Aliyah's phone was illegal under *Carpenter v. United States*, 585 U.S. 296 (2018).

### Conclusion

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. Compensatory damages;

b. Attorney fees;

c. Such additional relief in favor of Plaintiff as is just and proper.

Respectfully submitted,

s/ *[signature]*
Tiffany Bartley Sams

COUNSEL FOR PLAINTIFF
Texas Bar No. 24053091
114 Heights Blvd., Unit I
Houston, Texas 77007
Phone: 713-609-9622
Email:tiffanysams@pathlightlegalcorporation.com